# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

**FILED**
SEP - 6 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

UNITED STATES OF AMERICA,

V.

CR 18 0418

WILLIAM F. GARLOCK,

*SEALED BY COURT ORDER*

VC

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 152(9) - Fraudulent Withholding of Recorded Information in a Bankruptcy Case;
18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) - Forfeiture Allegation

---

A true bill.

_____ Foreman

Filed in open court this _6th_ day of

_Sept, 2018_.

Stephen Ybarra
_____ Clerk

Bail, $ _No bail arrest warrant_

/-MJV

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

Count 1 - 18 U.S.C. § 152(9) - Fraudulent Withholding of Recorded Information in a Bankruptcy Case

Forfeiture allegation - 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 5 years' imprisonment, $250,000 fine, 3 years of supervised release, $100 special assessment, restitution, forfeiture

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**
▶ WILLIAM F. GARLOCK

DISTRICT COURT NUMBER
CR 18 0418

FILED
SEP - 6 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

VC

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: Alex G. Tse
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Kyle F. Waldinger

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

ALEX G. TSE (CABN 152348)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM F. GARLOCK,<br><br>　　　　Defendant. | CR. NO. 18 0418<br><br>VIOLATION: 18 U.S.C. § 152(9) – Fraudulent Withholding of Recorded Information in a Bankruptcy Case; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Forfeiture Allegation<br><br>SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment, unless otherwise specified:

Introductory Allegations

1. The defendant, WILLIAM F. GARLOCK ("defendant" or "GARLOCK"), was an individual who resided in the State of California, including in San Mateo County in the Northern District of California.

2. The Bankruptcy Code is a set of laws, codified in Title 11 of the United States Code, that establishes the bankruptcy system in the United States. A bankruptcy case is typically commenced by the filing of a petition for bankruptcy in a United States Bankruptcy Court. A bankruptcy petition may be filed by a person seeking relief from debts (*i.e.*, a "voluntary petition"). A bankruptcy petition may also be filed by other individuals (such as a person's creditors) who seek to place that person's assets

INDICTMENT

1 and liabilities into a bankruptcy estate (*i.e.*, an "involuntary petition"). Under either scenario, the person who is the subject of the bankruptcy petition is referred to as the "Debtor." Other documents that are commonly filed in a bankruptcy case include bankruptcy schedules and a document entitled "Statement of Financial Affairs" ("SOFA"). The debtor attests to what he or she submits in the bankruptcy schedules and SOFA under penalty of perjury.

3. The filing of a bankruptcy case creates a "bankruptcy estate," which includes all rights, title, shares, or interest in property owned by a debtor at the time the petition was filed. A bankruptcy trustee is a private individual appointed to be in charge of administering the bankruptcy estate.

4. One of the roles of the United States Bankruptcy Court and the bankruptcy trustee is to ensure that assets of the bankruptcy estate are preserved for the benefit of creditors of the Debtor and of the bankruptcy estate. In part to achieve these ends, Title 11, United States Code, Section 521(c)(3) directs the Debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties . . . ." Similarly, Title 11, United States Code, Section 521(c)(4) directs the Debtor to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate . . . ."

### 12th & Kissling LLC and the 12th Street Garage

5. 255 12th Street & Kissling LLC ("12th & Kissling LLC") was a California limited liability company. On or about February 5, 2009, GARLOCK caused 12th & Kissling LLC's articles of organization to be filed with the California Secretary of State. The articles of organization were signed by GARLOCK as the "organizer." Although other individuals and entities may have been associated "on paper" with 12th & Kissling LLC, GARLOCK maintained substantial or primary control over the activities, finances, and assets of 12th & Kissling LLC.

6. On or about February 27, 2009, 12th & Kissling LLC purchased the parking garage and real property located at 255 12th Street in San Francisco, California ("12th Street Garage").

7. On or about December 9, 2011, 12th & Kissling LLC sold the 12th Street Garage to two other limited liability companies. A grant deed pertaining to that transfer was filed with the San Francisco Assessor-Recorder that day.

///

## GARLOCK's Bankruptcy Case

8. On or about March 13, 2012, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against GARLOCK and several entities in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court"). It was assigned case number 12-30802. 12th & Kissling LLC was not named as a debtor in the petition. On July 9, 2012, the Bankruptcy Court issued its Order for Relief, which noted that GARLOCK had failed to plead or respond as otherwise required by law. The Bankruptcy Court ordered the case to be administered under Chapter 7 of the Bankruptcy Code. A private bankruptcy trustee ("Trustee") was appointed and added to the case that day.

9. On or about September 5, 2013, counsel for the Trustee filed an *Ex Parte* Application and Order Under 11 U.S.C. § 521. That filing sought an order from the Bankruptcy Court "requiring the Debtor [*i.e.*, GARLOCK] to cooperate with the Trustee and surrender to the Trustee all records of the Debtor and entities to which the Debtor has a legal or equitable interest . . . ."

10. On or about September 5, 2013, and based on the Trustee's *Ex Parte* Application, the Bankruptcy Court issued an Order Compelling Compliance with 11 U.S.C. § 521 ("Order"). The Order directed GARLOCK to comply with his duties under 11 U.S.C. § 521(a)(3) to cooperate with the Trustee. The Order also required GARLOCK to comply with his duty under 11 U.S.C. § 521(a)(4) to surrender certain documents to the Trustee. The documents covered by the Order included all documents regarding Royal Parking Corporation; all documents related to real property located on the "600" block of Patrol Road in Woodside, California ("Patrol Road Property"); all documents regarding Royal Parking Management, LLC; and all documents regarding 12th & Kissling LLC, Gemia Investments LLC, and 12th Street Garage LLC. The Bankruptcy Court also ordered GARLOCK to surrender to the Trustee "any document evidencing the distribution of proceeds from the sale of the 12th Street Garage, including but not limited to financial records." The Order further provided that, if any document that was ordered to be surrendered by GARLOCK "no longer exists, the Debtor shall file a declaration under penalty of perjury with the Court explaining in detail the disposition of the documents and shall surrender concurrently to the Trustee any documentary evidence to support the explanation."

11. On or about September 19, 2013, GARLOCK provided a two-page letter under his signature and more than 160 pages of documents to the Trustee. In his letter, GARLOCK stated that he

was "not an owner, office [sic], shareholder, director or member of the entities Royal Parking Corporation, Royal Parking LLC, or 225 [sic] 12th Street & Kissling LLC, Gemia Investments, LLC or 12th Street Garage." GARLOCK represented that, "in an effort to comply with the Court's Order of 9/5/13," he had "contacted these entities and the representatives of each of these companies gave [him] copies" of the documents enclosed with the letter. In providing this letter and the enclosed documents, GARLOCK knowingly and fraudulently withheld recorded information relating to his property and financial affairs and to entities and issues identified in the Order, including but not limited to recorded information (a) pertaining to promissory notes in which he was the joint borrower with 12th & Kissling LLC, (b) evidencing the distribution of proceeds from the sale of the 12th Street Garage, and (c) related to the Patrol Road Property.

COUNT ONE:       (18 U.S.C. § 152(9) – Fraudulent Withholding of Recorded Information in a Bankruptcy Case)

12. The factual allegations contained in paragraphs 1 through 11 are re-alleged and incorporated herein.

13. On or about September 19, 2013, in the Northern District of California, the defendant,

WILLIAM F. GARLOCK,

then being a debtor in bankruptcy under Title 11 in case number 12-30802 in the United States Bankruptcy Court for the Northern District of California, knowingly and fraudulently withheld from the trustee and other officers of the court, entitled to its possession, material recorded information (including books, documents, records, and papers) relating to GARLOCK's property and financial affairs, in violation of Title 18, United States Code, Section 152(9).

FORFEITURE ALLEGATION:       (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

14. The allegations contained in paragraphs 1 through 13 are re-alleged and incorporated herein.

15. Upon conviction for the offense alleged in Count One of this Indictment, the defendant,

WILLIAM F. GARLOCK,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title

INDICTMENT                                                       4

28, United States Code, Section 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds that are traceable to a violation of Title 18, United States Code, Section 152, including but not limited to a sum of money equal to the total amount of proceeds the defendant obtained or derived, directly or indirectly, as the result of that violation.

16. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty,

any and all interest the defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: Sept. 6, 2018

A TRUE BILL.

_/s/ Leila Joy_
FOREPERSON

ALEX G. TSE
United States Attorney

_____
JOHN H. HEMANN
Deputy Chief, Criminal Division

(Approved as to form: _Waldinger_ )
AUSA Waldinger

INDICTMENT                                          5

# United States District Court
# Northern District of California

## CRIMINAL COVER SHEET

**Instructions:** Effective January 3, 2012, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

**Case Name:** USA v. William F. Garlock   ~~SEALED BY COURT ORDER~~

**Case Number:** CR 18 0418 VC

**Total Number of Defendants:**
- 1 [✓]
- 2-7 [ ]
- 8 or more [ ]

**Is This Case Under Seal?** Yes [✓]   No [ ]

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** Yes [ ]   No [✓]

**Venue (Per Crim. L.R. 18-1):** SF [✓]   OAK [ ]   SJ [ ]   EUR [ ]   MON [ ]

**Is any defendant charged with a death-penalty-eligible crime?** Yes [ ]   No [✓]

**Assigned AUSA (Lead Attorney):** Kyle F. Waldinger

**Is this a RICO Act gang case?** Yes [ ]   No [✓]

**Date Submitted:** 9/6/2018

**Comments:**



Save   Print   Clear Form

July 2013