# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>William F. Garlock | )<br>)<br>)<br>)<br>)<br>) |

**AMENDED JUDGMENT IN A CRIMINAL CASE**

USDC Case Number:  CR-18-00418-001 VC
BOP Case Number:  DCAN318CR00418-001
USM Number:  25097-111
Defendant's Attorney:  Daniel Olmos (Retained)

**Date of Original Judgment:  2/11/2020**
**(or Date of Last Amended Judgment)**
**THE DEFENDANT:**

☑ pleaded guilty to counts: <u>One and Two of a two-count Superseding Indictment</u>

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 152(9) | Fraudulent Withholding of Recorded Information in a Bankruptcy Case | September 19, 2013 | One |
| 18 U.S.C. § 152(1) | Fraudulent Concealment of Bankruptcy Assets | April 27, 2015 | Two |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through <u>  8  </u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☐ Count(s)  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>3/20/2020</u>
Date of Imposition of Judgment

Signature of Judge
The Honorable Vince Chhabria
<u>United States District Judge</u>
Name & Title of Judge

<u>4/9/2020</u>
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
        12 months and one day on each of Counts One and Two, all counts to be served concurrently.


The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☑  The Court makes the following recommendations to the Bureau of Prisons:
    That the defendant be designated to a facility close to the Bay Area to facilitate family visits.

☐  The defendant is remanded to the custody of the United States Marshal.

☑  The defendant shall surrender to the United States Marshal for this district:

    ☑  at 2:00 pm on 9/1/2020 (no later than 2:00 pm). If a BOP facility has not been designated by this date, he must
        surrender to the United States Marshal's Office at 450 Golden Gate Avenue, 20th Floor, San Francisco, CA.

    ☐  as notified by the United States Marshal.


☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  at   on  (no later than 2:00 pm).

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.


# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.




_____
                                    UNITED STATES MARSHAL

By _____
                            DEPUTY UNITED STATES MARSHAL

DEFENDANT: William F. Garlock                                         Judgment - Page 3 of 8
CASE NUMBER: CR-18-00418-001 VC

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>3 years.</u> This term consists of three years on each of Counts One and Two, to run concurrently.

# MANDATORY CONDITIONS OF SUPERVISION

1) You must not commit another federal, state or local crime.

2) You must not unlawfully possess a controlled substance.

3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4) ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5) ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.


(Signed) _____          _____
                    Defendant                                                          Date


               _____          _____
                    U.S. Probation Officer/Designated Witness                 Date

DEFENDANT:  William F. Garlock                                                   Judgment - Page 5 of 8
CASE NUMBER:  CR-18-00418-001 VC

## SPECIAL CONDITIONS OF SUPERVISION

1. You must pay any restitution, fine, and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2. You must not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

3. You must provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

4. You must participate in a mental health treatment program, as directed by the probation officer. You are to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments must never exceed the total cost of mental health counseling. The actual co-payment schedule must be determined by the probation officer.

5. You must cooperate in the collection of DNA as directed by the probation officer.

6. You must submit your person, residence, office, vehicle, or any property under your control to a search. Such a search must be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

7. You must perform 100 hours of community service per year (for a total of 300 hours). Your community service must involve working with some type of financially disadvantaged population, at the discretion of the probation officer.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200 | $ 150,000 | $ 1,500,000 | N/A | N/A |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| *Victims as listed on Attachment A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | | $1,500,000 | |

☑ Restitution amount ordered pursuant to plea agreement no less than $550,001, but no greater than $1,500,000.

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the.

☐ the interest requirement is waived for the  is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: William F. Garlock                                          Judgment - Page 7 of 8
CASE NUMBER: CR-18-00418-001 VC

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows[*]:

**A** ☐   Lump sum payment of _____ due immediately, balance due

        ☐   not later than  , or
        ☐   in accordance with   ☐ C,   ☐ D, or   ☐ E, and/or   ☐ F below); or

**B** ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to
        commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to
        commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑   Special instructions regarding the payment of criminal monetary penalties:
        **The defendant shall pay to the United States a special assessment of $200, a fine of $150,000, and 1,500,000 in restitution. When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Once the defendant is on supervised release, restitution must be paid in monthly payments of not less than $3,000 or at least 10 percent of earnings (earnings include any money or support received from friends or family members), whichever is greater, to commence no later than 60 days from placement on supervision. Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3644(m). Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

---

[*] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

☐    The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**

# CR 18-00418-001 VC - U.S. v. William F. Garlock - Attachment A

| Name of Payee/Victim | Restitution Ordered |
|---|---|
| 200 Lombard, LLC (attn.: Ronald Mallory) | $11,035.30 |
| Carolyn Bechtel | $120,007.38 |
| George Michael Berberich | $13,342.24 |
| Daniel Brune & Christy Brune | $79,959.19 |
| Joelle Calton | $13,595.88 |
| Robert Conklin | $12,000.74 |
| Ronald Conklin & Diana Conklin | $12,000.74 |
| Lisa Faria (on behalf of Faria Enterprises LLC) | $56,099.65 |
| Warner H. Schmalz (f/k/a Forum Design LTD) | $5,760.35 |
| Joyo Wijaya | $18,001.11 |
| Roberta Tang | $12,000.74 |
| Yasuaki Hagiwara | $9,000.55 |
| Johannes Wang | $8,100.50 |
| Sony Kogin | $7,500.46 |
| Richard Liu | $7,200.44 |
| Gunawan Loekman | $6,000.37 |
| Irwan Sie | $5,550.37 |
| Victor Young | $4,650.29 |
| Guido Sie | $4,500.28 |
| Rubi Sidharta | $4,500.28 |
| Peter Lim | $3,300.20 |
| Prawito Yong | $3,300.20 |
| Geok Wah Goh | $3,000.18 |
| Kenny Tsang | $3,000.18 |
| Poon-hing Tang | $3,000.18 |
| Andreas Harsono | $3,000.18 |
| Gina Roldan | $2,100.13 |
| George Li | $1,800.11 |
| Louis Khouw | $1,500.09 |
| Ted Tran | $1,500.09 |
| Michael Aquilina | $1,500.09 |
| Yudianto Halim | $1,500.09 |
| Clarke H. Hutchings (as trustee of Clarke H. Hutchings Living Trust) | $65,472.38 |
| Jocer Enterprises, Inc. (d/b/a Castlebrook Barns) | $7,807.41 |
| Kevco Design Inc. | $509.66 |
| Andrew Litton (successor in interest to Ledesma Ventures, LLC | $33,002.03 |
| Leslie Mathews (as trustee for Peter & Leslie Mathews Trust and Ryan & Peter Mathews Irrevocable  Trust) | $180,011.08 |
| Ella Thomas | $48,979.45 |

| Name of Payee/Victim | Restitution Ordered |
|---|---|
| Andrew Litton (successor in interest to Woodside Priority LLC) | $198,004.82 |
| Cecily Randolph | $14,985.92 |
| Amir B Kanji (as trustee of UTA DTD 09/20/09) | $7,595.40 |
| Leonard Sklar | $9,000.55 |
| Premier Financial Services, LLC (attn.: Lisa James) | $510.03 |
| Michael A. Navone | $3,000.18 |
| John Comyns | $24,001.48 |
| Suzanne J. Salzer-Yesk | $7,854.81 |
| Bahieh Jin Farzinpour (successor in interest to Charleston 7, LLC, a NV LLC) | $88,805.46 |
| A & D Automatic Gate Company | $930.90 |
| Michael Yancey (successor in interest to Crown Capital Commercial Corp.) | $60,003.69 |
| Mylene Ansari | $1,500.09 |
| Tina Murchison (successor in interest to Robert R. Avis Trust) | $8,264.47 |
| Grant & Weber (Collection Agent for Sequoia Hospital) | $161.81 |
| Patrick Hennigan | $6,000.37 |
| Citibank, N.A. | $1,867.44 |
| David Appel | $82,409.07 |
| Torrey Pines Bank (f/k/a Alta Alliance Bank) | $210,012.92 |
| **TOTAL** | **$1,500,000.00** |